IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBS FINANCIAL SERVICES INC., <br><br> Petitioner, <br><br> v. <br><br> MACARIO MONTOYA, <br><br> Respondent. | No. MC 14-80124 WHA <br><br> **CORRECTED ORDER GRANTING IN PART AND DENYING IN PART PETITION TO CONFIRM ARBITRATION AWARD; AND VACATING HEARING** |

## INTRODUCTION

Petitioner moves to confirm and enter judgment on an arbitration award, and requests attorney's fees and interest. The motion to confirm the award, with interest, is **GRANTED IN PART**. The request for attorney's fees, however, is **DENIED**. The hearing set for June 26 is hereby **VACATED**.

## STATEMENT

According to its petition, UBS Financial Services Inc. alleges that it is a Delaware corporation with its principal place of business in New Jersey. Respondent Macario Montoya is a resident of California who worked as a financial advisor at UBS's San Francisco office beginning in September 2004.

As part of his employment, Montoya signed a Uniform Application for Securities Industry Registration or Transfer, otherwise known as a Form U-4, which included an arbitration agreement (Steele Exh. 1 at 12). UBS also gave Montoya an Employee Forgivable Loan for

$136,062, memorialized in a promissory note. This loan was in addition to compensation in the "form of commissions and fees on financial products" (Scanlon Decl. ¶ 5). "Brokerage firms, including UBS, offer such loans as a means of recruiting and retaining brokers" (*id.* at ¶ 4). As long as Montoya continued to be employed by UBS, the loan would be forgiven in equal installments, on an annual basis, over the next six years. In the event of default, the balance would bear interest "at the rate equal to the rate of interest announced from time to time by Citibank, N.A. in New York, New York as its base rate or 'prime rate' . . . plus two percent" (Steele Exh. 2 at 1). The note also included an arbitration clause and provided that the governing law for the note would be that of New York (*id.* at 5–6).

Here, UBS alleges that Montoya was terminated in February 2006, thereby triggering an acceleration clause in the note that made his balance due immediately. When Montoya did not pay, UBS filed a claim with FINRA, and the case was arbitrated in San Francisco in 2013. Montoya represented himself at the arbitration proceeding.

On January 13, 2014, the arbitrator denied Montoya's statute of limitations defense and ruled on the parties' briefs. He issued an award to UBS, including: (1) the sum of $190,642.77 (comprising $110,709.12 for the balance due on the loan, and $79,933.65 as pre-award interest on that amount); (2) interest on this sum beginning on November 30, 2013, until the full amount was paid and at the rate specified in the note; and (3) attorney's fees and costs in the amount of $39,128.55. The total monetary award was thus $229,771.32 (Steele Exh. 3 at 3).

On May 1, 2014, UBS filed the instant petition, requesting (1) confirmation and judgment on the award of $229,771.32; (2) interest on that amount at the New York statutory rate, from the date of the arbitration award until judgment ("post-award, pre-judgment interest"), followed by post-judgment interest at the federal statutory rate; and (3) attorney's fees and costs. Although UBS served Montoya with a copy of its petition on May 14, Montoya has filed no opposition thereto. This is so even after an order providing notice of the opposition deadline was served upon Montoya on May 28 (Dkt. No. 9). With that deadline now passed, this order decides as follows.

**ANALYSIS**

**1. CONFIRMATION OF THE ARBITRATION AWARD.**

Section Nine of the Federal Arbitration Act states (emphasis added):

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is made any party to the arbitration may apply . . . for an order confirming the award, and thereupon the court *must grant* such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

Here, UBS filed to confirm the award within six months of the service of the award. The petition is accordingly timely.

Courts have "extremely limited review authority" absent grounds to vacate, modify, or correct an arbitration award. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.* 341 F.3d 987, 998 (9th Cir. 2003). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). As Montoya did not file an opposition, there are no grounds on which to vacate, modify, or correct the award.

Furthermore, this district is an appropriate venue for confirmation of the arbitration award. The arbitration took place in San Francisco, and Section Nine provides that the application to confirm an arbitration award "may be made to the United States court in and for the district within which such award was made" if, as here, no specific court was agreed on by the parties. The request to confirm and enter judgment on the award is therefore **GRANTED**.

**2. INTEREST AND ATTORNEY'S FEES.**

**A. Post-Award, Pre-Judgment Interest.**

Additionally, UBS seeks two forms of interest on the award: (1) post-award, pre-judgment interest, and (2) post-judgment interest. In general, post-award, pre-judgment interest is governed by state law. *Northrop Corp. v. Triad Int'l Marketing*, 842 F.2d 1154, 1155 (9th Cir. 1998).

3

UBS seeks post-award, pre-judgment interest on the whole award — *i.e.*, $229,711.32 — at the nine percent statutory rate set by Section 5004 of the New York Civil Practice Law and Rules. Indeed, the parties agreed that New York law would govern the note (Steele Exh. 2 at 6). The choice of New York law is further bolstered by two factors: UBS was based in New York at the time of the agreement, according to the arbitrator, and payments on the loan were to be sent to UBS's New York office (Steele Exh. 3 at 2; Steele Exh. 2 at 1).

Nonetheless, UBS's claim for nine percent post-award, pre-judgment interest on the full award is flawed, because the note and the arbitration award already apply a different interest rate. The arbitrator, following the agreed-to rate in the note, had awarded UBS interest at the Citibank "prime rate" plus two percent on $190,642.77 of the award. This amount is the sum of the balance due on the note and the interest that had accrued on that balance until the award took effect, *i.e.*, November 30, 2013 (Steele Exh. 3 at 3). Under New York law, "when a contract provides for interest to be paid at a specified rate until the principal is paid, the contract rate of interest, rather than the legal rate set forth in CPLR 5004, governs until payment of the principal or until the contract is merged in a judgment." *NYCTL 1998-2 Trust v. Wagner*, 876 N.Y.S.2d 522, 523 (N.Y. App. Div. 2009) (internal citation omitted). Accordingly, on this $190,642.77 portion of the award, interest will accrue at the rate already specified in the note, compounding monthly, from November 30, 2013 until the date of judgment.

The arbitrator also awarded UBS attorney's fees and costs in the amount of $39,128.55, for the period up to and including the arbitration. The arbitrator did not, however, specify any award of interest on this amount (Steele Exh. 3 at 3). "Courts do not lack authority to award interest where an arbitration award is silent." *Lagstein v. Certain Underwriters at Lloyd's of London*, 725 F.3d 1050, 1055 (9th Cir. 2013). Indeed, Section 5002 of the New York Civil Practice and Rules provides:

> Interest shall be recovered upon the total sum awarded . . . in any action, from the date the . . . report or decision was made to the date of entry of final judgment.

4

Under New York law, an arbitration award is considered a "report or decision" for purposes of Section 5002. *Kavares v. Motor Vehicle Accident Indemnification Corp.*, 285 N.Y.S.2d 983, 987 (N.Y. App. Div. 1967). As no rate of interest on the attorney's fees was specified in the note, the nine percent New York statutory rate of interest set forth under Section 5004 will apply to the $39,128.55 portion of the award. The request for post-award, pre-judgment interest is thus **GRANTED IN PART**.

### B. Post-Judgment Interest.

UBS also seeks post-judgment interest at the federal statutory rate specified in Section 1961 of Title 28 of the United States Code. As stated by our court of appeals:

> [O]nce an arbitration award is confirmed in federal court, the rate specified in § 1961 applies. This is the case even if the arbitration award purported to grant post-judgment interest.

*Fid. Fed. Bank, F.S.B. v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) (internal citations omitted). The request for post-judgment interest is accordingly **GRANTED**.

### C. Attorney's Fees.

Finally, UBS moves for post-award attorney's fees and costs, *i.e.*, both the fees and expenses incurred as a result of this action in the district court, and those incurred in collecting on the judgment. The note provides (Steele Exh. 2 at 4):

> The Employee agrees to pay any and all costs and expenses, including without limitation, reasonable attorney's fees and disbursements, incurred by UBS FinSvc in connection with the enforcement of any and all provisions of this Note . . . .

While "[t]he general rule in the United States is that each party must pay its own legal fees [ . . . ] it is well settled that [a]n exception to this rule is the existence of an agreement between the parties that legal fees are recoverable." *Rubenstein v. Advanced Equities*, 2014 U.S. Dist. LEXIS 44567 at *56 (S.D. N.Y. 2014) (Judge Paul G. Gardephe) (internal quotations omitted).

Nevertheless, UBS's request is denied for two reasons. *First*, it has not provided any evidence on this record supporting a specific amount of costs or fees sought. *UBS Fin. Servs. Inc. v. Martin*, 2014 U.S. Dist. LEXIS 71338 at *27 (S.D. Cal. 2014) (Judge Michael M. Anello). *Second*, and relatedly, UBS has not complied with the civil local rules of this district

governing the procedure for claiming attorney's fees and costs. These rules require, for example, that "the motion for attorney fees must be supplemented by declarations or affidavits containing . . . [a] statement that counsel have met and conferred" regarding the motion, "or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference." Civ. L. R. 54-5(b). The civil local rules also require "[a] brief description of relevant qualifications and experience" and "the customary hourly charges" of persons for whose services fees are sought. *Ibid.* UBS has not submitted this information. As such, the request for attorney's fees is **DENIED**.

## CONCLUSION

For the reasons discussed above, the petition to confirm the arbitration award and enter judgment thereon is **GRANTED.** The request for pre-judgment interest is **GRANTED IN PART** at the appropriate rates for the two parts of the arbitration award: (1) the $190,642.77 portion of the arbitration award — comprising the principal balance owed and the pre-award interest on that amount — will bear interest at the Citibank "prime rate" plus two percent, compounded monthly; whereas (2) the $39,128.55 portion of the arbitration award — comprising pre-award attorney's fees — will bear interest at the New York state statutory rate of nine percent per annum. Pre-judgment interest for both components will be calculated starting from November 30, 2013. In addition, the request for post-judgment interest is **GRANTED** at the statutory rate set by Section 1961. The request for attorney's fees and costs is **DENIED**. The hearing set for June 26 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: June 24, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE